Valiente & Co., Plaintiff and Appellant, *v.* Rafael Sancho Bonet, Treasurer of Puerto Rico, etc., Defendant and Appellee.

No. 6847. Argued April 25, 1935.—Decided February 5, 1936.

*Edelmiro Martínez Rivera* for appellant. *B. Fernández García, Attorney General* (*Benjamin J. Horton* on the brief), *Angel C. Calderón, Assistant Attorney General,* and *Enrique Igaravídez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

As the appellant points out, this case was decided on a demurrer to its petition and therefore the facts recited in the said petition must be accepted as true.

It is set forth, among other things, that the plaintiff was in the business of buying tobacco; that previous to the petition for an injunction in this case, the appellant bought of various producing farmers 1000 cwt. of tobacco.

Upon making the various purchases the complainant drew the attention of the selling farmers to the necessity of their paying ¼ cent per pound of the tobacco sold by them by virtue of the Joint Resolution No. 13 of the 8th of July 1929, and their obligation to place the amount of said tax in the hands of the complainant; that the growers refused to do so alleging that they had no such obligation; that the Treasurer of Puerto Rico, the defendant, despite the fact that the complainant advised him of the failure of the sowers to pay the said tax, insists in obtaining from the complainant the whole sum of $250 which the said farmers did not pay, and the said Treasurer is threatening to execute against the property of the complainant to recover the said amount. The complaint then goes on to state the damages and inconveniences to which the complainant would be subjected if the Treasurer were allowed to proceed. The District Court of San Juan sustained the demurrer.

The upshot of the opinion of the court was that by its purchases the petitioner assumed the obligation of paying the $250. It may be said that the principal argument of the appellant is that it is the farmers who are responsible for the tax and that no responsibility devolves upon it by the mere purchase of the tobacco. The appellant also insists that to recover the tax, the Treasurer should have recourse to the

producers of the tobacco; that if the taxes had been deposited in the hands of the plaintiff it would be only a retaining agent for the Treasurer.

Incidentally, the appellant alleges that its position is no different from that of a person who buys a piece of mortgaged property and afterwards disposes of it and cites the case of *Luyando* v. *Díaz,* 46 P.R.R. 668. So far we have not been able to see in the complaint that the plaintiff has disposed of the tobacco. But even if it had we think the Joint Resolution fixed a different obligation on the plaintiff than that which arises from the ordinary purchase of a piece of mortgaged property.

We transcribe section 2 of said Resolution as follows:

"Section 2.—For the purpose of carrying out the provisions of this Act, a tax of one-quarter ($\frac{1}{4}$) cent shall be levied or collected on each pound of tobacco harvested in Porto Rico; *Provided,* that said tax shall be collected but once each year at the time of sale by the grower, who shall be bound to leave in the hands of the buyer the one-quarter cent a pound of tobacco provided for in this section. Buyers shall in turn pay said tax to the Treasurer of Porto Rico in such form as the latter may by regulation prescribe. Such tax shall be considered as a preferred lien on the harvested product. The Treasurer of Porto Rico shall levy and collect the aforesaid tax, and he is hereby authorized to make such rules and regulations as may be necessary for the collection of the tax."

Now the appellant bought this property and failed to collect the tax. As the appellee points out, the appellant was under no obligation to purchase the tobacco. When the tobacco was purchased by the appellant there was a clear lien upon it. By accepting the tobacco with this charge the appellant itself became responsible for the amount due thereon. It cannot escape responsibility because it failed to collect the amount of the tax from the producer. The Resolution plainly contemplated that the purchaser of tobacco should collect it and pay it to the Treasurer. This being premised, we hold that the words of the law made the appellant a prin-

cipal debtor, or, if necessary, a taxpayer. To our minds the obligation fixed by the law is clear from the mere reading thereof and none of the cases cited by the appellant were similar in their facts.

In attempting to show that the intention of the Legislature was distinct the appellant draws attention to the fact that the Joint Resolution in its third section provides that upon liquidation of the tax fund the excess of taxes shall be refunded to the taxpayers or their heirs, etc. Appellant maintains that it would be an injustice for this money to be returned to the producers when they were not paying the tax. We concede that there might be a problem but we do not think that this problem is sufficiently strong to militate against what seems to us the obvious interpretation of section 2, supra. If in point of fact, as happens in this case, the purchasers are compelled to pay the tax themselves they might readily be substituted for the producer. By having purchased the tobacco charged with the lien appellant stands in the shoes of the growers. Indeed, being obliged to pay the tax purchasers could be considered as regular taxpayers and any excess should be refunded to them.

Not only was the right to an injunction not clear but no such right arose.

The judgment appealed from should be affirmed.